**STATE of Ohio, Appellee,**

**v.**

**BASS, Appellant.**

[Cite as *State v. Bass,* 160 Ohio App.3d 618, 2005-Ohio-1847.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–689.

Decided April 21, 2005.

</div>

Ron O'Brien, Franklin County Prosecuting Attorney, and Kimberly M. Bond, for appellee.

Yeura R. Venters, Franklin County Public Defender, and David L. Strait, for appellant.

PEGGY BRYANT, Judge.

{¶ 1} Defendant-appellant, Marcus Bass, appeals from a judgment of the Franklin County Court of Common Pleas, sentencing him to a nonminimum prison term for aggravated burglary and ordering consecutive sentences for aggravated burglary and abduction. Because the trial court erred in ordering consecutive sentences without making the required findings, we affirm in part and reverse in part.

{¶ 2} Defendant was indicted on one count of felonious assault, three counts of kidnapping, one count of aggravated robbery, one count of second-degree robbery, and one count of third-degree robbery, each with a specification. Defendant pleaded guilty to aggravated robbery, a felony of the first degree, with specification, and to abduction. The trial court sentenced defendant to nine years for the aggravated robbery, three years for the gun specification, and a consecutive three-year sentence for abduction. Defendant appeals, assigning the following errors:

First Assignment of Error

The trial court erred by imposing greater tha[n] the minimum allowable sentence without specifically finding the factors set forth in R.C. 2929.14(B).

Second Assignment of Error

The trial court erred in ordering the sentences to be served consecutively without specifically finding the factors enumerated in R.C. 2929.14(E)(4).

{¶ 3} "When imposing a felony sentence, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender." *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 11; R.C. 2929.11(A). To achieve such purposes, the court shall consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Additional factors to consider in sentencing are set forth in R.C. 2929.12(B) through (E). Depending on the particular sentence imposed, the trial court must make specific findings on the record in support of its sentence. *Comer*, at ¶ 14.

{¶ 4} In the first assignment of error, defendant contends that the trial court did not make a required finding to support a nonminimum sentence for his aggravated robbery conviction. Pursuant to R.C. 2929.14(A)(1), the minimum sentence for a first-degree felony is three years; the maximum is ten years. Defendant was sentenced to nine years for aggravated robbery. Defendant, having no prior juvenile or adult record, claims the trial court erred because the record does not support its finding that the minimum sentence would demean the seriousness of the crime.

{¶ 5} R.C. 2929.14(B) provides that if the court imposing a sentence upon an offender elects or is required to impose a prison term, the court must impose the shortest term authorized by statute *unless* (1) the offender was serving a prison term at the time of the offense or the offender previously had served a prison term or, as pertinent here, (2) the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. When imposing

a nonminimum term, the trial court does not need to state its reasons for finding that one of the factors exists under R.C. 2929.14(B). *State v. Williams,* Franklin App. No. 02AP–35, 2002-Ohio-4503, 2002 WL 2005815.

{¶ 6} The trial court was presented with facts indicating that on June 25, 2003, defendant entered the Cap Distributing Store at 1530 South High Street. The owners of the store were Clarence Ransburgh, age 64, and his wife Velma, age 63. At the time of the incident, both were working, and two customers were in the store. Defendant waved his gun and ordered three of the four individuals to a back room behind the counter. As Ransburgh was exiting the back room, defendant shot him in the left leg and also hit one of the customers in the back of the head with his gun. Defendant then unsuccessfully attempted to break open the cash register and eventually fled the scene. Approximately two weeks later, defendant was arrested. Defendant confessed to his actions and essentially told the police that he was upset that day and felt that stealing money could help his situation.

{¶ 7} After hearing from all the parties, including defendant on his own behalf, the trial court concluded that defendant's actions constituted the worst form of the offense. The trial court expressly found that more than the minimum sentence was appropriate in this case "because a minimum sentence clearly would demean the seriousness of the conduct that is involved here." See R.C. 2929.14(B)(2).

{¶ 8} In assessing the seriousness of the offense and reaching its finding under R.C. 2929.14(B)(2), the trial court considered the applicable factors enumerated in R.C. 2929.12(B) through (E). Examination of the factors led the trial court to conclude that defendant's offense was more serious in that multiple victims were either physically or psychologically injured, the age of the victims exacerbated the injury they suffered, defendant's inability to cope when he is under stress increased the likelihood of recidivism, and the owners suffered economic harm in that customers stopped coming to the store. Each of those conclusions is supported in the facts underlying the aggravated burglary to which defendant pleaded guilty. Indeed, defendant's counsel stated, "Your Honor * * * he has no prior adjudication, but we will not tell this Court that a minimum sentence would be the right and just thing here. We understand that this is a very serious case and that when Marcus committed this crime, he committed a very big crime."

{¶ 9} Because the trial court made the requisite finding pursuant to R.C. 2929.14(B)(2) and because the record supports such finding, defendant's first assignment of error is overruled.

{¶ 10} In the second assignment of error, defendant contends that the trial court did not make the requisite findings for imposition of consecutive sentences.

{¶ 11} In *Comer*, the Supreme Court of Ohio held that when imposing consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses; and (3) one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c) applies. *Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 13. R.C. 2929.14(E)(4) provides:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} In addition, under R.C. 2929.19(B)(2)(c), the trial court must state its reasons for selecting the sentences imposed, a duty separate and distinct from the duty to make findings under R.C. 2929.14(E). Id. at ¶ 14; *Williams*, supra. Thus, after the court makes its required findings under R.C. 2929.14(E)(4), "it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms." *Williams*, supra. "These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." *Comer* at ¶ 21. Further, the trial court must orally make the required findings and state its reasons on the record at the sentencing hearing; inserting them into the written journal entry is insufficient. Id. at ¶ 18–20.

{¶ 13} Here, the trial court at the sentencing hearing failed to make required findings and to sufficiently state its reasons for imposing consecutive sentences. The trial court found that consecutive sentences are necessary to adequately reflect the seriousness of the conduct due to the multiple victims involved. Indeed, much of the sentencing transcript focuses on the seriousness of the conduct and the physical and psychological injury suffered by the victims. However, the trial court failed to expressly find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the danger the offender poses;

and (3) one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) is present. Although the judgment entry contains the necessary findings, the journal entry does not satisfy the requirements of the statute. *Comer,* supra.

{¶ 14} Once the trial court has set forth its findings under R.C. 2929.14(E), it will be required to justify each of its findings by identifying specific reasons to support them. Because, however, the findings on this record are insufficient to support imposing consecutive sentences, defendant's second assignment of error is sustained.

{¶ 15} Having overruled defendant's first assignment of error but having sustained his second assignment of error, we affirm the trial court's judgment insofar as it finds defendant guilty of the above-named offenses, but we reverse the sentence that the trial court imposed and remand to the trial court for resentencing in accordance with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded for resentencing.

PETREE and KLATT, JJ., concur.